IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JAMES R. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE No. 2:23-CV-0012-RWS |
| ROAD ATLANTA, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, JAMES R. JOHNSON, by and through the undersigned counsel, and files this, his Complaint against Defendant ROAD ATLANTA, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is proper in the federal District Court for the Northern District

1

of Georgia, Gainesville Division, as the parcel of real property at issue in this case, and concerning which Plaintiff seeks injunctive relief, is located in Hall County, Georgia.

**PARTIES**

3. Plaintiff JAMES R. JOHNSON (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Decatur, Georgia (Dekalb County).

4. Plaintiff is a quadriplegic and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and pinching.

6. Plaintiff uses a wheelchair for mobility purposes.

7. Defendant ROAD ATLANTA, LLC (hereinafter "Defendant") is a Florida limited liability company that transacts business in the state of Georgia and within this judicial district.

8. Defendant may be properly served with process via its registered agent for service, to wit: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## FACTUAL ALLEGATIONS

9. On numerous occasions, including, but not limited to December 3, 2022, Plaintiff was a customer and spectator at "Michelin Raceway," a business located at 5300 Winder Highway, Braselton, Georgia 30517.

10. Defendant is the owner of the real property and improvements that are the subject of this action (the "Property" and/or "Michelin Raceway").

11. Plaintiff's access to the business located at 5300 Winder Highway, Braselton, Georgia 30517 (identified by Hall County Property Appraiser's parcel ID number 15028B000011A), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

12. Plaintiff has visited the Property at least once before and intends on revisiting the Property once the Property is brought into compliance with the 2010 ADAAG standards.

13. Plaintiff intends to revisit the Property to purchase goods and/or services.

14. Plaintiff travelled to the Property as a customer and as an advocate for the disabled, encountered barriers to his access of the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

15. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

16. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

17. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

18. The Property is a public accommodation and service establishment.

19. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

20. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer

4

employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

21. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

22. The Property must be, but is not, in compliance with the ADA and ADAAG.

23. Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer of the Property, and as an advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

24. Plaintiff intends to visit the Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the

physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

25. Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

26. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

27. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the

Property include, but are not limited to:

    a.    There are no accessible parking spaces complying with section 502 of the 2010 ADAAG standards servicing the "Turn 1 (Inside)" and "Turn 1 (Outside)" portions of the Property.

    b.    There is no accessible seating or accessible spectator vantage point at the "Turn 1 (Inside)" and "Turn 1 (Outside)" portions of the Property, nor is there any accessible route leading to any seating or spectator vantage points at the "Turn 1 (Inside)" and "Turn 1 (Outside)" portions of the Property, in violation of sections 302, 403 and 802 of the 2010 ADAAG standards.

    c.    There is no accessible parking complying with section 502 of the 2010 ADAAG standards servicing the "Turn 4" portion of the Property.

    d.    There is no accessible seating or accessible spectator vantage point at the "Turn 4" portion of the Property, nor is there any accessible route leading to any seating or spectator vantage points at the "Turn 4" portion of the Property, in violation of sections 302, 403 and 802 of the 2010 ADAAG standards.

    e.    There is no accessible parking complying with section 502 of

       the 2010 ADAAG standards servicing the "Turn 6" portion of the Property.

f. There is no accessible seating or accessible spectator vantage point at the "Turn 6" portion of the Property, nor is there any accessible route leading to any seating or spectator vantage points at the "Turn 6" portion of the Property, in violation of sections 302, 403 and 802 of the 2010 ADAAG standards.

g. There are three signs complying with section 502.6 at the "Turn 7" portion of the Property. These spaces are on grass and are not paved, are not properly marked, have no adjacent access aisles, and adjoin no accessible route, in violation of sections 502.1, 502.3, 502.4 of the 2010 ADAAG standards.

h. There is no accessible seating or accessible spectator vantage point at the "Turn 7" portion of the Property, nor is there any accessible route leading to any seating or spectator vantage points at the "Turn 7" portion of the Property, in violation of sections 302, 403 and 802 of the 2010 ADAAG standards.

i. There are three signs complying with section 502.6 at the "Turn 8" portion of the Property. These signed "parking spaces" are

on grass and are not paved, are not properly marked, have no adjacent access aisles, and adjoin no accessible route, in violation of sections 502.1, 502.3, 502.4 of the 2010 ADAAG standards.

j. There is no accessible seating or accessible spectator vantage point at the "Turn 8" portion of the Property, nor is there any accessible route leading to any seating or spectator vantage points at the "Turn 8" portion of the Property, in violation of sections 302, 403 and 802 of the 2010 ADAAG standards.

k. There are no accessible parking spaces complying with section 502 of the 2010 ADAAG standards servicing the "Turn 9 (Inside)" portion of the Property.

l. There is no accessible seating or accessible spectator vantage point at the "Turn 9 (Inside)" portion of the Property, nor is there any accessible route leading to any seating or spectator vantage points at the "Turn 9 (Inside)" portion of the Property, in violation of sections 302, 403 and 802 of the 2010 ADAAG standards.

m. There are no accessible parking spaces complying with section

       502 of the 2010 ADAAG standards servicing the "Turn 10 (Inside)" portion of the Property.

n.   There is no accessible seating or accessible spectator vantage point at the "Turn 10 (Inside)" portion of the Property, nor is there any accessible route leading to any seating or spectator vantage points at the "Turn 10 (Inside)" portion of the Property, in violation of sections 302, 403 and 802 of the 2010 ADAAG standards.

o.   There are multiple signs complying with section 502.6 at the "Turn 10 (Outside)" portion of the Property. These signed "parking spaces" are across the vehicular way, are located on a grass and are not paved, are not properly marked, have no adjacent access aisles, and adjoin no accessible route, in violation of sections 502.1, 502.3, 502.4 of the 2010 ADAAG standards.

p.   There is no accessible parking complying with section 502 of the 2010 ADAAG standards servicing the "Turn 11" portion of the Property.

q.   There is no accessible seating or accessible spectator vantage

      point at the "Turn 11" portion of the Property, nor is there any accessible route leading to any seating or spectator vantage points at the "Turn 11" portion of the Property, in violation of sections 302, 403 and 802 of the 2010 ADAAG standards.

r.     There are ten (10) accessible parking spaces servicing the "Infield Paddock" portion of the Property, none of which have associated adjacent access aisles, in violation of section 502.3 of the 2010 ADAAG standards.

s.     There are no accessible parking spaces complying with section 502 of the 2010 ADAAG standards servicing the "Fan Zone" portion of the Property.

t.     There is no accessible parking complying with section 502 of the 2010 ADAAG standards servicing the "Esses Overlook" portion of the Property.

u.     There is no accessible seating or accessible spectator vantage point at the "Esses Overlook" portion of the Property, nor is there any accessible route leading to any seating or spectator vantage points at the "Esses Overlook" portion of the Property, in violation of sections 302, 403 and 802 of the 2010 ADAAG

standards.

v. There are eight (8) accessible parking spaces servicing the "Spectator Hill" portion of the Property. These signed "parking spaces" are located on a grass and are not paved, are not properly marked, have no adjacent access aisles, and adjoin no accessible route, in violation of sections 502.1, 502.3, 502.4 of the 2010 ADAAG standards, nor is there any accessible route leading to any seating or spectator vantage points at the "Spectator Hill" portion of the Property, in violation of sections 302, 403 and 802 of the 2010 ADAAG standards. There is also a food and drink location at the "Spectator Hill" portion of the Property, to which there is no accessible route, in violation of sections 302 and 403 of the 2010 ADAAG standards.

w. The Property has not been adequately maintained in operable working condition for those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities, in violation of section 28 C.F.R. § 36.211.

x. Upon information and good faith belief, Defendant fails to

adhere to a policy, practice and procedure to ensure that all features and facilities at the Property are readily accessible to, and usable by, disabled individuals.

28. Without limitation, the above-described violations of the ADAAG rendered the vast majority of the Property inaccessible to Plaintiff, and provided Plaintiff with no accessible vantage points on the Property.

29. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

30. Plaintiff requires an inspection of Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

31. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

32. All of the violations alleged herein are readily achievable to modify to bring the Property into compliance with the ADA.

33. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable.

34. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

35. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

36. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

37. Plaintiff's requested relief serves the public interest.

38. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

39. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

40. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing

Defendant to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: January 11, 2023.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich